[ECF No. 78]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **B&B DEPARTMENT STORES SOUTH LLC**, <br><br> **Plaintiff,** <br><br> v. <br><br> **ND RETAIL, LLC d/b/a QUIET STORM SURF & TURF, et al.,** <br><br> **Defendants.** | Civil No. 21-19306 (ESK/MJS) |

**OPINION AND ORDER**

This matter is before the Court on the motion by plaintiff B&B Department Stores South LLC ("Plaintiff") to amend the complaint. ECF No. 78. The motion is opposed by defendants William Dreibelbis ("Dreibelbis") and ND Retail, LLC, d/b/a Quiet Storm Surf & Turf ("Quiet Storm"), ECF No. 83, and by defendant Kimberly Zawrotniak ("Zawrotniak") (collectively "Defendants"), ECF No. 84.[1] Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiff's motion is **GRANTED**.

**I. Background**

Plaintiff is a retail department store chain that "primarily sells beach and surf wear, . . . apparel, footwear, accessories, and jewelry for women, men, teens and children, as well as beach accessories, homewares, novelty and souvenir items." ECF No. 1 at 3. In May 2021, Zawrotniak,

---

[1] Dreibelbis and Quiet Storm filed a brief in opposition to this motion. ECF No. 83. Zawrotniak filed a letter joining their arguments. ECF No. 84.

a senior buyer for Plaintiff for over 10 years, resigned from Plaintiff to work for a competitor, Quiet Storm. Id. at 12-13.

For the approximately 11 months prior to Zawrotniak's move, Plaintiff and Quiet Storm had been negotiating Quiet Storm's potential purchase of Plaintiff. Id. at 7-14. Plaintiff was assisted in the negotiation by Peapack Gladstone Bank ("PGB"), which Plaintiff retained as its exclusive financial advisor in locating a suitable buyer for its business. Id. at 7. The two businesses entered into a confidentiality agreement, ECF No. 1-2, protecting the proprietary business information Plaintiff provided Quiet Storm during Quiet Storm's due diligence. ECF No. 1 at 8. The agreement limited Quiet Storm's use of the proprietary information "for any reason or purpose other than evaluating a possible transaction or in any manner adverse to, or to the detriment of, [B&B] or its Representatives." Id. at 9. Plaintiff asserts Quiet Storm and Dreibelbis further took advantage of the information exchanged through the confidentiality agreement by offering Plaintiff's landlord "double the rent" paid by Plaintiff "and wrongfully disclosed" to Plaintiff's landlord and certain of Plaintiff's customers that Plaintiff was considering a sale of its business. Id. at 15.

On October 25, 2021, Plaintiff filed a complaint against Defendants for (1) misappropriation of trade secrets under federal law, 18 U.S.C. § 1836; (2) misappropriation of trade secrets under New Jersey law, N.J.S.A. 56:15-1; (3) breach of contract; (4) breach of a covenant of good faith and fair dealing; (5) unfair competition; (6) unjust enrichment; (7) tortious interference with contract; and (9) breach of a duty of loyalty. Id. at 17-31. Plaintiff's complaint seeks monetary damages, preliminary and permanent injunctions against Defendants, as well as fees and costs. Id. at 32.

Dreibelbis and Quiet Storm moved to dismiss the complaint on December 10, 2021. ECF No. 16. Zawrotniak filed an answer to the complaint on January 4, 2022. ECF No. 20. After the Court denied Dreibelbis and Quiet Storm's motion on January 17, 2023, ECF No. 34, these two defendants answered on February 23, 2023, also asserting certain affirmative defenses, ECF No. 42. The parties have since been engaged in discovery. ECF Nos. 43, 52, 64 74, 89, 93. On March 28, 2024, Chief Judge Bumb reassigned this case to the Honorable Edward S. Kiel and the undersigned. ECF No. 65.

## II. Discussion

Parties may only amend the complaint "with the opposing party's written consent or [with] the court's leave[,]" which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "when a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies." Premier Comp Sols., LLC v. UPMC, 970 F.3d 316, 319 (3d Cir. 2020). "A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." Id.

Plaintiff Must Show Good Cause Under Rule 16(b)(4) to Modify the Scheduling Order

The initial scheduling order entered in this action on March 30, 2023, by the originally assigned Magistrate Judge, set July 28, 2023, as the deadline to "amend the pleadings or to join new parties, whether by amended or third-party complaint." ECF No. 43. While "[a]ll discovery deadlines" were "extended by 180 days" on September 22, 2023, ECF No. 52, and again "extended by an additional 120 days" on February 19, 2024, ECF No. 64, both by text order, the parties strongly disagree whether these text orders provided additional time to amend the pleadings or add parties. On the one hand, Defendants argue that the text orders "extended only fact discovery and

3

expert disclosure deadlines, and they were all entered after the deadline for seeking leave to amend pleadings had come and gone." ECF No. 83 at 11. Defendants contend this makes the motion nearly 13 months late. Id. At 12. On the other hand, Plaintiff argues that the Court's March 30, 2023 Scheduling Order's "Discovery" section included motions to amend pleadings or join new parties, and, thus, the text order extensions of "discovery deadlines" were applicable to such motions, thus extending the deadline to May 23, 2024.[2] ECF Nos. 78-1 at 3 and 88 at 3. Plaintiff's counsel represents, however, that counsel did not properly diary the deadline when the Court's text order extended the deadlines by 120 days rather than identifying a date certain. ECF Nos. 78-1 at 3 and 78-14 at 17. Accordingly, Plaintiff contends upon concluding the deadline had expired, counsel alerted Defendants 41 days after the deadline of its intent to amend. Essentially, therefore, Plaintiff argues there is good cause due to counsel's mistake and excusable neglect. Id.

<u>Good Cause Exists to Consider Plaintiff's Motion under Rule 16(b)(4)</u>

"Good cause" under Rule 16(b)(4) requires "show[ing] due diligence," which "can be met if the 'delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" <u>Ohana Enters., LLC v. Mourer Foster, Inc.</u>, Civ. No. 21-10175, 2024 WL 640753, at *2 (D.N.J. Feb. 15, 2024) (quoting <u>Young v. U.S.</u>, 152 F.Supp.3d 337, 353 (D.N.J. 2015)).

Here, the undersigned did not preside over these case management conferences and declines to speculate on the Court's intention when extending the deadlines. However, "we must

---

[2] The March 30, 2023 Scheduling Order contains five sections: I. Disclosures, II. Discovery Confidentiality Orders, III. Discovery, IV. Experts, and V. Future Conferences. The deadline to amend pleadings or add parties was contained in the "Discovery" section along with the deadlines for initial written discovery requests and pretrial factual discovery. ECF. No. 43 at 1-2.

4

read any 'ambiguities' or 'omissions' in such a court order as 'redound[ing] to the benefit of the person charged with contempt.'" NBA Props., Inc. v. Gold, 895 F.2d 30, 32 (1st Cir. 1990) (quoting Ford v. Kammerer, 450 F.2d 279, 280 (3d Cir. 1971)); see also Harding v. Jacoby & Meyers, LLP, Civ. Nos. 14-5419 and 15-6559, 2018 WL 3377159, at *3 (D.N.J. July 11, 2018) (declining to apply the Rule 16 good cause standard where the scheduling order deadline relied upon is "an outdated, super[s]eded and, as a practical matter, entirely artificial deadline" and where "several Magistrate Judges were assigned to the matter and entered multiple scheduling orders and modified scheduling dates . . ."). It appears clear to the Court that Plaintiff, rightly or wrongly, thought the deadline to file this motion was extended by the Court's earlier text orders and the Court will afford Plaintiff the benefit of the doubt. Whether "good cause" exists under Rule 16 rests primarily on the diligence, or lack thereof, of the movant. Here, the Court, exercising its discretion, finds that any mistake in calendaring was excusable under the circumstances and constitutes good cause.

Moreover, "[c]ourts have found good cause to reopen amendment deadlines under Rule 16 where a plaintiff did not have a sufficient understanding of the relationship between certain entities until proceeding to depositions or through other discovery." Ohana, 2024 WL 640753 at *4. "[C]ourts typically ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." Antico v. RAM Payment, LLC, Civ. No. 20-12130, 2023 WL 5816071, at *3 (D.N.J. Sept. 8, 2023). "If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline as set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the

motion." Id. "It is Plaintiff's burden to present the Court with adequate evidence that it acted with due diligence." Id.

Plaintiff asserts this motion to amend was not filed until Plaintiff confirmed, by obtaining deposition testimony from third-party Brendan X. Hanley,[3] that "Pure Lure is the entity operating as Quiet Storm in South Carolina that employs [Zawrotniak]." ECF No. 78-1 at 2. "Previously, Plaintiff had understood at the time the Complaint was filed that [ND Retail LLC], by virtue of its ownership of the Quiet Storm tradename according to Maryland State public records, was the entity operating all Quiet Storm locations." Id. Plaintiff openly admits "the identity of Pure Lure as a proper party has long been known to [the parties]" but "only recently was [Plaintiff] able to corroborate and determine[] an amended pleading is necessary to properly protect its interests." ECF No. 78-14 at 2. Plaintiff argues good cause is evidenced by its diligence in furthering discovery and any additional delay should be excused in the interest of judicial economy, as denial of this motion to amend will prompt Plaintiff to file a new action against Pure Lure and seek to consolidate under Rule 42. Id. Notably, Plaintiff avers that it was operating under the belief, albeit incorrect, that the deadline to amend had not yet passed. Id. at 15.

Defendants object to amendment of the complaint to add Pure Lure as a defendant because Plaintiff has allegedly long known of Pure Lure's connection to this case. ECF No. 83 at 1-2. Defendants contend Plaintiff has known since December 2021 of Pure Lure's involvement, thus no good cause exists to excuse the timing of Plaintiff's motion to amend, which was filed on August 16, 2024, ECF No. 78, nearly three years after this case began on October 25, 2021. ECF

---

[3] Hanley is a "former business partner of Dreibelbis" in a business based in Ocean City, Maryland, known as "PL Outfitters, LLC." ECF No. 83 at 7 n.5. Hanley "notified Dreibelbis in June 2021 that he had become aware of Zawrotniak's resignation from [Plaintiff] and he assisted briefly at that time in connecting Zawrotniak with Dreibelbis . . . regarding possible employment." Id.

6

No. 83 at 1-2. Defendants spotlight declarations, disclosures, and interrogatory responses served between December 2021 and January 2024 "consistently identifying Pure Lure as Zawrotniak's employer and as a company owned (partly) by Dreibelbis and operating 'Quiet Storm' store locations in South Carolina" to argue that Plaintiff's motion is untimely and as evidence that Plaintiff did not act diligently. ECF No. 83 at 7.

    Although Defendants maintain these declarations and interrogatory responses suffice to put Plaintiff on notice of the need to amend the complaint to add Pure Lure as a defendant, the record demonstrates Plaintiff's pursuit of additional discovery was reasonable under the circumstances. For example, Plaintiff's counsel asserts the declaration "contained what [counsel] understood at the time to be a glaring inconsistency concerning [Dreibelbis's] ownership interest in PL Outfitters LLC." ECF No. 78-1 at 4. "As a consequence of this inconsistency, it was determined by [counsel] that we needed the benefit of deposition testimony to add clarity to this" before moving to amend. Id. It is also notable that Plaintiff served subpoenas during discovery, including to Pure Lure in December 2023 and again in January 2024, regarding, among other things, employment records for Zawrotniak, which were the subject of discovery disputes both before and after the transfer of this case from Trenton. ECF Nos. 54, 58, 66. Plaintiff finally obtained deposition testimony from Hanley on June 24, 2024. ECF No. 78-1 at 2; ECF No. 78-3 at 5-11. Plaintiff's counsel thereafter delivered this amended complaint to Defendants on July 3, 2024, received notice from Defendants by July 9, 2024, that consent to amend would not be given, and filed this motion on August 16, 2024. Id. at 3-4. While it is clear that Plaintiff had information concerning Pure Lure through written discovery, Plaintiff took steps to investigate and develop facts while discovery was open and, based on counsel's representation, while believing that the deadline to amend and add parties had been extended by virtue of the Court's earlier text orders.

Plaintiff's desire to further clarify Pure Lure's involvement and Zawrotniak's role prior to naming the entity as a defendant is not unreasonable, particularly if discovery is open and the party believes there is time under the operative scheduling orders to move to amend. Federal Rule of Civil Procedure 11(b) codifies a preference for investigating prior to pleading by requiring representations in pleadings to be made "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." While facts may need further discovery to be fully developed, facts may only be asserted if they "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Plaintiff accordingly did not plead Pure Lure as a defendant upon mere notice of their potential liability; Plaintiff sought a reasonable basis to believe discovery would "likely" prove Pure Lure liable.

"While 'lack of prejudice to the nonmovant does not show good cause,' the Court finds that, when taken in conjunction with the diligence demonstrated by plaintiff, there is sufficient 'good cause' pursuant to Rule 16(b)(4) for the Court to grant leave for plaintiff to amend." Sabatino v. Union Twp., Civ. No. 11-1656, 2013 WL 1622306, at *6 (D.N.J. Apr. 15, 2013) (quoting Marlowe Patent Holdings LLC v. Dice Elecs., LLC, Civ. No. 10-1199, 2013 WL 775764, at *12 (D.N.J. Feb. 27, 2013)). Here, Plaintiff asserts that amendment will incur "no undue prejudice to any presently named defendant or to Pure Lure because the identity of Pure Lure as a proper party has long been known" and "therefore, no additional cost, discovery, or delay" is necessary. ECF No. 78-14 at 2. As discussed above, the parties have already obtained discovery from Pure Lure through Plaintiff's subpoena. ECF No. 58, 66. Defendant asserts delay will occur when Pure Lure inevitably conducts its own discovery, but the overlap of Dreibelbis's involvement in both Pure Lure and the entity already named a defendant in this case narrow the scope of discovery into

Plaintiff that Pure Lure might seek that has not already been shared in this case. Accordingly, and given the Third Circuit's preference for adjudication of cases on the merits, rather than "technicalities," the Court finds good cause under Rule 16(b)(4) to allow amendment of the complaint. Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).

Justice Requires Amendment of the Complaint under Rule 15(a)(2)

Having found Plaintiff has satisfied the "good cause" standard of Rule 16(b)(4), the Court assesses whether amendment is in the interest of "justice." Fed. R. Civ. P. 15(a)(2). "A district court may deny leave to amend where it is apparent from the record that '(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" U.S. ex rel. Schumann v. Astrazeneca Pharms., L.P., 769 F.3d 837, 849 (3d Cir. 2014) (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)).

Undue Delay, Bad Faith, or Dilatory Motive: "Delay alone will not constitute grounds for denial . . . the request [should be denied] only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." Id. The Court declines to withhold leave to amend based on this factor, as (1) Plaintiff's argument for "good cause" under Rule 16(b)(4) explains the reason for the delay in moving to amend, (2) this is Plaintiff's first motion to amend, and (3) there is no evidence of bad faith in the record.

Futility: "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule

9

12(b)(6)." Id. "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure its deficiency." Id.

Defendant asserts the proposed amendments are futile because the discovery exchanged by the parties disproves the factual allegations in the amendments. ECF No. 83 at 18. This argument, however, neglects the standard applicable to a motion to amend, which is akin to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Courts "construe the complaint 'in the light most favorable to the plaintiff.'" Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011) (quoting In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010)). The complaint must have "facial plausibility," that "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). This analysis focuses only on the complaint, attachments incorporated therein, and matters of public record, to the exclusion of all other extrinsic evidence. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (delineating between improper consideration of affidavits and press releases and proper consideration of SEC filings as a matter of public record of which the Court could take judicial notice). Materials outside the pleadings are not properly considered on a motion to amend. See Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 765 (D.N.J. 2000) (in making determination as to an amendment's futility, the court looks only to the pleadings).

Given this argument is Defendant's primary assertion of futility, and that the claims asserted in the proposed amended complaint largely mirror those of the original complaint, which

survived a motion to dismiss, see ECF No. 34, the Court declines to reject the proposed amendments for futility.

Prejudice to Adversary: "In determining whether amendment of a pleading will cause undue prejudice, the Court must 'focus on the hardship to the [non-moving party] if the amendment were permitted.'" Conrad v. Lopez De Lasalle, 681 F.Supp.3d 371, 383 (D.N.J. 2023) (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 25 F.3d 267, 273 (3d Cir. 2001)) (alteration in original). "Prejudice 'becomes "undue" when the opponent shows it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered[.]"'" Id. (quotations omitted).

Defendants complain that nearly three years have passed between the filing of the complaint and this motion to amend, but Defendants spotlight no specific prejudice that would result from granting leave to amend, which is the "touchstone" of this analysis. Lorenz, 1 F.3d at 1413-14; ECF No. 83 at 2. Furthermore, no trial date has yet been set in this action. As discussed above, Pure Lure has been discussed in discovery by the parties for years, and third-party discovery already obtained from Pure Lure through a subpoena from Plaintiff, thus minimal additional discovery will be necessitated by Pure Lure's addition as a defendant. Against the context of Plaintiff's reason for the delay, the Court declines to withhold leave to amend based on three years of delay alone given no allegation of any unfair disadvantage or other specific undue prejudice. See Bjorgung, 550 F.3d at 266 (affirming a district court's grant of leave to amend despite three and a half years between plaintiff learning amendment was necessary and the filing of a motion to amend because no attendant specific prejudice was alleged and the record contained no evidence of bad faith).

11

Accordingly, and for all of the reasons above, the Court finds Plaintiff has demonstrated "good cause" to amend under Rule 16(b)(4) and that "justice" requires the amendment under Rule 15(a)(2).

**IT IS**, therefore, on this **26th** day of **March 2025**,

**ORDERED** that Plaintiff's motion to amend is **GRANTED**. Plaintiff shall file the amended complaint no later than **April 9, 2025**.

s/ Matthew J. Skahill  
MATTHEW J. SKAHILL  
United States Magistrate Judge